IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JARVIS GILBERT

              Petitioner,

    v.

TOM FELKER, Warden,

              Respondent.

NO. C 07-5987 TEH

**ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

      The Court is in receipt of the Motion for Extension of Time to File Notice of Appeal of Petitioner Jarvis Gilbert, the Opposition of the Respondent, and Petitioner's Reply. On motion of the Respondent, the hearing in this matter was vacated. Having carefully considered all written argument in this matter, the Motion is GRANTED.

      Under Federal Rule of Appellate Procedure 4(a)(5)(A), "[t]he district court may extend the time to file a notice of appeal if . . . regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Both parties in this matter look to the four-factor test for "excusable neglect" articulated in the bankruptcy context by the U.S. Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993): "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer*, 507 U.S. at 395). In reviewing these factors, the Ninth Circuit has noted that the decision to permit the filing of a tardy notice of appeal for reasons of excusable neglect is ultimately

1   within the discretion of the district court. *Pincay*, 389 F.3d at 859. Neither party disputes the
2   extension of this rule from *Pincay* into the context of a habeas appeal deadline.

3         In the instant matter, the first, second, and fourth factors clearly accrue in favor of the
4   Petitioner. Respondent has not alleged even the possibility of prejudice. The delay here
5   between the deadline and the filing of the motion for extension was two days, which has no
6   impact on future proceedings of this case. There are no allegations of bad faith in this
7   application for an extension.

8         The only disputed factor of the *Pioneer* test therefore is the reason for delay, including
9   whether it was within the reasonable control of the movant. Petitioner's counsel's
10  declaration states that the notice of appeal should have been filed on June 22, 2009, thirty
11  days after the entry of judgment in this case, but that the deadline was mistakenly calendared
12  for June 26, 2009, thirty-five days after the entry of judgment. McCarthy Decl. Counsel
13  attributes this delay in filing to a calendaring error made by a paralegal who is no longer in
14  the employ of the law office in question. *Id.* Petitioner's counsel offers a plausible
15  explanation for the calendaring error, based on a conversation counsel had with the paralegal
16  that likely created confusion between the 35-day deadline for filing for a certificate of
17  appealability, and the 30-day deadline for filing a notice of appeal. *Id.* Counsel declares that
18  he only learned of the error on June 24, 2009, when he began to draft the notice of appeal
19  that is the subject of this motion. *Id.*

20        In *Pincay*, the Ninth Circuit found a paralegal's calendaring error that led to a brief
21  delay in filing not to be a reason that rendered neglect inexcusable; the court concluded that
22  such an error was excusable. 389 F.3d at 855. Other district courts in California have
23  similarly found excusable error in instances where confusion between the deadlines for
24  different rules led to a delay in filing. *See Herbert v. State Farm Mut. Auto. Ins. Co.*, No. 06-
25  5532, 2009 WL 88352, at *3-4 (N.D. Cal. Jan. 13, 2009) (holding that a 19-day filing error
26  caused by an associate's confusion of the 30-day rule to file appeals in federal court with the
27  60-day rule to file appeals in state court was not a failure to diligently prosecute, and was
28  excusable neglect); *Sessoms v. Felker*, No. S-05-1221, 2008 WL 5386531, at *1 (E.D. Cal.

Dec. 24, 2008) (magistrate judge holding that counsel's confusion of the 30-day rule to file appeals in federal court with the 60-day rule to file appeals in state court was excusable neglect). Likewise, in at least one instance, paralegal calendaring error has been found to be excusable error. *See* Order Granting Motion for Extension of Time in *Morales v. Scribner*, No. 05-3545, N.D. Cal. Feb. 4, 2009, and Petitioner's Brief re Motion for Extension of Time, Jan. 9, 2009.

In light of these precedent cases, the Court's discretion in granting this motion, and the absolute deprivation that a denial would cause to Mr. Gilbert, the Court sees no reason to punish him for the trivial calendaring error of a paralegal in his attorney's office. The Court therefore finds it equitable to GRANT Petitioner's Motion for Extension of Time to File Notice of Appeal and permit him to proceed with his appeal.

**IT IS SO ORDERED.**

Dated: July 10, 2009

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT